UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                                     :
DAWN QUAKER,                                         :
                                                     :
                            Plaintiff,               :
                                                     :          21-CV-6309 (VSB)
          - against -                                :
                                                     :          **OPINION & ORDER**
FEDERAL EMERGENCY MANAGEMENT           :
AGENCY,                                               :
                                                     :
                            Defendant.               :
                                                     :
-------------------------------------------------------X

<u>Appearances</u>:

Dawn Quaker
*Pro se Plaintiff*

Jessica F. Rosenbaum
United States Attorney's Office for the Southern District of New York
New York, New York
*Counsel for Defendant*

<u>VERNON S. BRODERICK, United States District Judge</u>:

        Before me is the motion to dismiss the pleadings of pro se Plaintiff Dawn Quaker

("Plaintiff").  Because I do not have subject matter jurisdiction over Plaintiff's only asserted

claim, the motion to dismiss is GRANTED.

        **I.        Background and Procedural History**

        On May 28, 2021, Plaintiff filed a Summons with Notice identifying as Defendants

"FEMA, United States of America, NYS Supreme Court (3 defendants)" in the Supreme Court

for the State of New York, County of New York ("Complaint").  (Compl. 1.)[1]  The Complaint

---

[1] "Compl." refers to the document appearing on this action's docket at document number 1-1.  It contains no
numbered paragraphs.

asserts that this is an action for "[n]egligence" and that Plaintiff demands "$25k" in damages.
The allegations, which are handwritten in margins and between lines of printed text, read as
follows:

> FEMA per a poster at the DHS Tillary Shelter @ the Hilton Garden Inn, used by
> 3rd parties outside of the shelter to harm and exploit me and others and who abuse
> me at the same way as the NYS Supreme Court, is said to fund New York City
> Mental Health Office, use Biden Administration and NYS Supreme Court would
> both known these people were abusing me, my companies, and other people this
> way by July 7, 2020 when I began being abused to harm me and undermine my
> need for an attorney and to file summons at the NYS Supreme Court. . . .

> I had pictures of me as if on the 'red carpet' take[n] at the NYS Supreme Court and
> at Tillary Shelter while in bed without my consent, staff there have mentioned 3
> men who abused me, 2 inside the court . . . and 2 outside the court . . . .  All 3 have
> sexually abused and or raped me based on my experiences and now [one individual]
> is abusing my brain and body by those abusing me in the way referenced and these
> people have gotten in the way of my being able to work with NYPD, FBI, and/or
> Interpol.

(Compl. 2.)

The action was removed to this Court on July 26, 2021.  (Doc. 1.)  On September 15,

2021, after having received an extension of time, (Doc. 6), Defendant Federal Emergency

Management Agency ("FEMA") filed a motion to dismiss Plaintiff's pleadings pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 7.)  That same day, FEMA filed a

notice to the pro se Plaintiff explaining that it had filed a motion to dismiss her pleadings along

with a certificate of service explaining that service was made by mail to the address for Plaintiff

listed on this action's docket.  (Docs. 10–11.)  On February 2, 2022, Plaintiff filed a letter, dated

January 27, 2022, including repeated claims against alleged abusers and asking that the case not

be dismissed because "it would be great to hear from all recipients of this letter[.]"  (Doc. 12.)

## II.   **Legal Standard**

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question") (internal quotation marks omitted).  While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citation omitted).

## III.   **Discussion**

I do not have subject matter jurisdiction over this action.  The only basis stated for legal action in Plaintiff's pleadings is "negligence."  (Compl. 2.)  As such, I construe Plaintiff's pleadings as asserting a tort claim against the United States.  Because Plaintiff is seeking to sue the United States, Plaintiff's suit must comply with the terms of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2780, or else it is otherwise barred by sovereign immunity.  *See* 28 U.S.C. § 2679(b)(1) ("The remedy against the United States" provided under the FTCA for "negligent or wrongful act or omission by any employee of the Government . . . is exclusive of

any other civil action or proceeding for money damages . . . ."); *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) (explaining the FTCA's "waiver" of sovereign immunity "operates subject to numerous conditions, each of which must be satisfied for a court to exercise jurisdiction.").

Nothing before me suggests that the Plaintiff satisfied any of the "numerous conditions" necessary to establish jurisdiction for FTCA purposes. *Adeleke*, 355 F.3d at 153. Among other things, a plaintiff pursuing a remedy under the FTCA must have "first presented the claim to the appropriate Federal agency" for administrative proceedings before suing in court. § 2675(a); *id.* at 153. Plaintiff's pleadings do not state that she notified FEMA, and FEMA filed an uncontradicted declaration stating that it has no record of a notice of claim from Plaintiff. (Doc. 9 ¶ 7.) Because the FTCA's "procedural hurdle[s] applies equally to litigants with counsel and to those proceeding *pro se*," and "[b]ecause it is undisputed that [Plaintiff] did not file any administrative claim" with FEMA, her claim must be dismissed. *Adeleke*, 355 F.3d at 153.[2] Because I lack jurisdiction over this case, I do not reach Defendant's claim that Plaintiff's Complaint fails to state a claim. *See United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)) ("Subject matter jurisdiction is a 'threshold question that must be resolved … before proceeding to the merits.'"); *see also Castillo v. John Gore Org., Inc.*, No. 19-CV-388 (ARR) (PK), 2019 WL 6033088, at *1 (E.D.N.Y. Nov. 14, 2019) ("Because I lack subject matter

---

[2] Similarly, to the extent Plaintiff's pleadings can be construed as seeking to sue "NYS Supreme Court," an arm of the state of New York, in tort, (Compl. 2), I do not have subject matter jurisdiction over that claim, either. "This Court is unaware of any . . . abrogation of New York State's (sovereign) immunity relative to . . . common law torts. New York State has consented to be sued in tort, i.e. for personal injury and property damage, in the New York State Court of Claims—and only in the New York State Court of Claims." *Reaves v. City of New York*, No. 1:98–CV–5708 RMB, 1999 WL 34757074, at *4 (S.D.N.Y. Sept. 30, 1999) (citations omitted), *aff'd*, 213 F.3d 626 (2d Cir. 2000).

jurisdiction, I do not decide whether the plaintiff has failed to state a claim.")

**IV.** **Conclusion**

For the foregoing reasons, the motion to dismiss is GRANTED. The Clerk of Court is directed to mail a copy of this Opinion & Order to the pro se Plaintiff, terminate all open motions on the docket, and close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 21, 2022
      New York, New York

      Vernon S. Broderick
      United States District Judge